# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LISA REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-cv-00806 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion for leave to reduce the *ad damnum* and to remand to state court [20]. For the foregoing reasons, Plaintiff's motion is granted in part and denied in part. Specifically, the Court grants Plaintiff's request to file an amended complaint reducing her *ad damnum* if she wishes to do so; however, Plaintiff's motion to remand to state court is respectfully denied.

**I.  Background**[1]

On September 2, 2010, Plaintiff Lisa Reed was attempting to make a left turn onto Wolf Road off of U.S. Route 30 and suffered injuries when a truck operator under Defendant Federal Express Corporation's employ forced her to come to an abrupt stop by allegedly making a left turn from the far right lane, cutting her off. ¶¶ 1-2. Plaintiff alleges that at the time of the accident, the truck operator was acting in the scope and course of his employment with Defendant. ¶ 2. As a result of her abrupt stop, Plaintiff suffered neck strain, headaches, and blurred vision in her right eye, which caused her to seek medical treatment and resulted in missed time from Plaintiff's daily activities, both now and in the future. ¶ 6.

---

[1] For purposes of Defendant's motion, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Unless otherwise specified, all citations in this section correspond to Plaintiff's complaint [1].

Plaintiff originally filed suit in the Circuit Court of Cook County, Illinois seeking damages in the sum of $95,000 plus costs. To be clear, Plaintiff's *ad damnum* specifically requested "NINETY-FIVE THOUSAND DOLLARS ($95,000.00) plus costs." On January 10, 2011, Defendant (which is incorporated in Delaware and has its principal place of business in Tennessee), properly removed the action to this Court, on the basis of the Court's diversity jurisdiction.[2]

Plaintiff's motion now seeks to reduce the *ad damnum* to $70,000 and to remand the action back to state court (Pl.'s Mtn. to Remand at ¶¶ 5-6). The motion states that because of her injuries, Plaintiff "has incurred approximately $7,500 in medical expenses." *Id.* at ¶ 4.

## II. Analysis

Neither party disputes the facts that (1) there is diversity of citizenship and (2) the initial *ad damnun* was $95,000. Accordingly, removal to this Court was proper. However, Plaintiff appears to be under the impression that if she reduces her demand below the $75,000 threshold at this time, the case will return to state court. As explained below, Plaintiff's premise is incorrect.

Reduction of the *ad damnum* at this stage of the litigation will not divest the Court of jurisdiction. It is well established that the requirements for diversity jurisdiction, including the amount in controversy requirement, "must be satisfied only at the time that a suit is filed." *Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997). In ruling on a set of facts not dissimilar from the instant case, the Supreme Court held that "[t]he present case well illustrates the propriety of the rule that subsequent reduction of the amount claimed cannot oust the district court's jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 295

---

[2] Defendant is incorporated in the state of Delaware and has its principal place of business in the state of Tennessee. Pursuant to 28 U.S.C. § 1441, this Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy as pled in the state court complaint exceeds $75,000.

(1938); see also *id.* at 289-90 ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit [for diversity jurisdiction] do not oust jurisdiction."). The Seventh Circuit has expanded upon this maxim, holding that "[j]urisdiction present at the time a suit is filed or removed is unaffected by subsequent acts." *In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992); see also *Sheirk*, 121 F.3d at 1116 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 295) ("[I]f the amount in controversy exceeds the jurisdictional amount when a suit is filed in federal court, the fact that subsequent events reduce the total amount in controversy will not divest the court of diversity jurisdiction.").

In her motion to remand, Plaintiff asks for leave to reduce her *ad damnun* from $95,000 to $70,000 and then asks that the case be remanded to the Circuit Court of Cook County, Illinois, based on the reduction. Plaintiff argues that "the amount sought in the complaint is an arbitrary number which may or may not prove out to be the actual damages in this case." (Pl.'s Reply at ¶ 1). But regardless of its arbitrariness, it is the amount that Plaintiff herself requested in the initial complaint, which triggered this Court's jurisdiction over the matter.[3] Given that the case was removed in reliance on the initial $95,000 figure, this Court had jurisdiction at the time that the suit was filed (and removed), and the Court's jurisdiction remains "unaffected by subsequent acts" (*Shell Oil Co.*, 966 F.2d at 1133) such as reducing the *ad damnum*. If Plaintiff wishes to formally reduce her demand, she may do so, but doing so will not divest this Court's jurisdiction.[4]

---

[3] This is not a case in which the amount in controversy was not readily ascertainable from the initial complaint, in which case Plaintiff might have been able to avoid removal had she stipulated that she "is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest." *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000).

[4] Given that Plaintiff's motion plainly proposed the reduction in the *ad damnum* as a means to an end – remand to state court – that is unavailable, the Court will permit, but not require, Plaintiff to reduce her *ad*

3

**IV.    Conclusion**

For the reasons set forth above, Plaintiff's motion [20] is granted in part and denied in part.  Specifically, the Court grants Plaintiff's request to file an amended complaint reducing her *ad damnum* if she so chooses; however, Plaintiff's motion to remand to state court is respectfully denied.

Dated: July 7, 2011

_____
Robert M. Dow, Jr.
United States District Judge

---

*damnum*.  In other words, because Plaintiff is not entitled to the full measure of relief requested in her motion, she may stand on her initial *ad damnum* if she so desires.