# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 806 | **DATE** | 5/30/2012 |
| **CASE TITLE** | Reed vs. Federal Express Corp. | | |

**DOCKET ENTRY TEXT**

For the reasons below, Defendant's motion for leave to file an amended answer and affirmative defenses [62] is granted.

■ [ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

Before the Court is Defendant's motion for leave to file an amended answer and affirmative defenses [62]. In general, motions for leave to amend answers are freely granted "where justice so requires." Fed. R. Civ. P. 15(a)(2). Although leave to amend should be freely given, that does not mean it must always be given. "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Plaintiff argues that Defendant should not be permitted to amend its answers and affirmative defenses in this instance because (1) the amendments are not affirmative defenses; (2) the defenses were available when Defendant filed its initial responsive pleadings; (3) they do not apply to personal injury cases; and (4) Plaintiff would be prejudiced. Plaintiff specifically objects to Defendants proposed affirmative defenses of failure to mitigate, violation of state law (vehicle code), laches, and estoppel by silence.

Defendant argues, however, that under Illinois law[1] failure to mitigate a violation of a vehicle code, laches, and estoppel are affirmative defenses. See *Rozny v. Marnul*, 43 Ill. 2d 54, 73 (1969) (finding that the "law is clear that failure to mitigate damages is an affirmative defense and must be pleaded and proved by the defendant"); Civil Illinois Pattern Jury Instruction 33.01 ("Mitigation of Damages—Personal Property"); Civil Illinois Pattern Jury Instruction 60 ("Statutory Violations"); 736 ILCS 5/2-613(d) (listing laches as an affirmative defense); FRCP 8(c)(1) (same); 735 ILCS 5/2-613(d) (listing estoppel as an affirmative defense); FRCP 8(c)(1) (same); *Maniez v. Citibank, F.S.B.*, 404 Ill. App. 3d 941, 949-50 (1st Dist. 2010) (noting that estoppel by silence is a form of equitable estoppel). Moreover, as Defendant notes, Plaintiff has not cited—nor has the Court found—any authority establishing that any of these affirmative defenses are not applicable in personal injury actions.

**STATEMENT**

>[FN1] Because the Court sits in diversity, it follows Illinois substantive laws and federal procedural laws. See *Reid Robotics USA, Inc. v. Concept Indus*., 462 F. Supp. 2d 867, 905 (N.D. Ill. 2006) ("In a case premised on diversity jurisdiction, 'the legal and factual sufficiency of an affirmative defense is examined with reference to state law.'") (quoting *Williams v. Jader Fuel Co*., 944 F.2d 1388, 1400 (7th Cir. 1991).

As to Plaintiff's argument that the additional affirmative defenses were available to Defendant when it filed its initial responsive pleadings, Defendant contends that all of the additional defenses are a result of facts learned through the discovery of Plaintiff's medical records (a process that required two sets of interrogatories and nearly 30 subpoenas) and Plaintiff's deposition, which did not occur until January 11, 2012. Defendant appears to have the better of the argument that the defenses at issue could not have been raised in the initial response, since they required the discovery of Plaintiff's medical records and Plaintiff's deposition. But even if that were not the case as to every one of the newly asserted defenses, delay alone seldom is an adequate basis for denying leave to amend a pleading, whether it be a complaint or an answer with affirmative defenses.

Finally, Plaintiff's argument that the Court should deny Defendant's motion because she will be prejudiced also fails. Just as a plaintiff is permitted to amend a complaint after facts emerge during discovery pursuant to Fed. R. Civ. P. 15(a)(2), a defendant is permitted to amend its answers and affirmative defense. Defendant's motion is not so late that Plaintiff is prejudiced. If, as a result of the additional affirmative defenses, Plaintiff needs to conduct additional discovery, she may do so. For all of these reasons, Defendant's motion [62] is granted.