# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Jeffrey T. Gilbert | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 806 | **DATE** | 3/7/2013 |
| **CASE TITLE** | Reed vs. Federal Express Corporation | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motions in Limine 1 and 2 [DE#[96], [97]] are taken under advisement until trial. The parties objections to the designated testimony of Plaintiff's treating professionals Mark Grennell, D.C., and Ronald Harrison, M.D., at Tab 5 of their Pretrial Order [DE#101], are sustained in part, overruled in part and taken under advisement in part. See Statement below for specific rulings and details.

■[ For further details see Statement below.]

Notices mailed by Judicial staff.

# STATEMENT

I.   Plaintiff's Motions in Limine Nos. 1 and 2. The Court has reviewed Plaintiff's one sentence motions in limine and the case law cited by Defendant in opposition to Plaintiff's Motions in Limine. Plaintiff cited no case law. The Court needs to understand better the particular evidence as to which Plaintiff's very succinct motions in limine are directed and the parties' respective arguments as to how that evidence is or is not relevant (1) to negate causation, (2) to negate or reduce damages, or (3) for impeachment, all within the context of the principles discussed in *Voykin v. Estate of DeBoer*, 192 Ill.2d 49 (2000). The Court also needs to understand better the import of certain testimony by Plaintiff's treating professionals, Ronald Harrison, M.D., and Mark Grennell, D.C., with respect to these issues and how, if at all, that testimony will assist the jury in determining the relevance of the proffered evidence to Plaintiff's current claim. The Court, therefore, will hear further argument on these matters on Monday, March 11, 2013, before the trial begins in this case.

The Court notes that the Illinois Supreme Court in *Voykin v. Estate of DeBoer, supra,* cautioned against the admission of "same part of the body" evidence in most cases. The Supreme Court stated, "[i]n most cases, the connection between the parts of the body and past and current injuries is a subject that is beyond the ken of the average layperson. Because of this complexity, we do not believe that, in normal circumstances, a lay juror can effectively or accurately assess the relationship between a prior injury and a current injury without expert assistance." 192 Ill.2d at 60. It is not immediately clear to this Court that such expert assistance will be available at the trial of this case to the extent it is a necessary predicate to Defendant's desire to admit evidence of prior injuries to the same parts of Plaintiff's body years prior to the occurrence at issue in this case.

Finally, to the extent this evidence is relevant for impeachment only, that also is an issue and ruling that is reserved for trial since its admissibility will depend, in the first instance, upon Plaintiff's testimony during her direct examination.

| STATEMENT |
|---|

II.     Contested Deposition Designations at Tab 7 of the Pretrial Order [DE#101]:

<u>Objections to Testimony of Mark Grennell, D.C</u>.

| Page | Line | Ruling |
|---|---|---|
| 70 | 19-24 | Objection Overruled |
| 18 | 9-23 | Objection Overruled |
| 27 | 1-5 | Objection Sustained |
| 51 | 13-24 | Reserved for Trial |

<u>Objections to Testimony of Ronald Harrison, M.D</u>.

| Page | Line | Ruling |
|---|---|---|
| 44 | 11-24 | Reserved for Trial |
| 46 | 5-20 | Reserved for Trial |
| 78 | 5-16 | Objection Overruled |

It is so ordered.